PUSEY, Exr., Appellant,

v.

GREIF BROTHERS CORPORATION, Appellee, et al.

[Cite as *Pusey v. Greif Bros. Corp.* (1997), 124 Ohio App.3d 725.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 94 C.A. 207.

Decided Dec. 29, 1997.

*Percy Squire* and *Michael D. Smith,* for appellant.

*Wm. Scott Fowler,* for appellee.

---

GENE DONOFRIO, Presiding Judge.

Plaintiff-appellant, Ethel L. Pusey, appeals from an order of the Mahoning County Court of Common Pleas granting a directed verdict in favor of defendant-appellee, Greif Brothers Corporation, in this wrongful death and survivorship action.

Appellant is the mother of the decedent, Derrell Pusey, who was killed by a gunshot wound to the head in the early morning hours of August 12, 1991, while on property owned by appellee. After the decedent's death, appellant individually and as executor of Derrell Pusey's estate filed this wrongful death and survivorship action against appellee as owner of the property, against Youngstown Security Patrol, Inc., the security company which provided after-hours security guard services to appellee, and against Eric Bator, the security guard employed by Youngstown Security Patrol, who shot the decedent.

Trial to a jury began on October 19, 1994. On October 21, 1994, appellant advised the trial court that she had entered into settlement agreements with Youngstown Security Patrol and with Bator. Appellant continued to present evidence in her case against appellee.

Appellant's claims against appellee were set forth in Counts 3, 6, and 7 of her complaint. Count 3 alleged that appellee had negligently employed Youngstown Security Patrol and Eric Bator to provide security services when neither of them was qualified to provide such services. Count 6 alleged that appellee was negligent *per se* in employing Youngstown Security Patrol and Bator to provide security services when both were in violation of certain sections of R.C. Chapter 4749, which govern providers of security services in Ohio. Count 7 alleged that appellee was grossly negligent in causing and/or permitting Youngstown Security Patrol and Bator to engage in negligent conduct on its property.

On the morning of October 21, 1994, the jury was taken to view appellee's premises where the shooting occurred. Upon its return, appellant began the presentation of her case. Appellant presented the testimony of sixteen witnesses and some forty-seven exhibits. On October 26, 1994, appellant concluded the presentation of evidence, at which time appellee moved for a directed verdict pursuant to Civ.R. 50(A). After recessing for one day, on October 28, 1994, the trial court issued a ruling from the bench granting the motion for directed verdict. A judgment entry granting the directed verdict was entered upon the docket of the court the same day. However, copies of the written order were not issued to counsel of record by the clerk of courts until November 18, 1994. Appellant then filed this timely appeal.

Appellant has listed two assignments of error. Because of the manner in which we treat the first, we do not reach the second assignment. Appellant's first assignment of error states:

"The trial court erred by failing to set forth with specificity its findings relative to granting directed verdict against appellant and failing to timely serve a copy of its judgment entry on appellant."

Appellant's argument in the first assignment of error is twofold. First, appellant argues that the October 28, 1994 entry of the trial court does nothing more than track the written language of Civ.R. 50 and that it fails to set forth the basis for the court's decision as required by Civ.R. 50(E). According to appellant, Civ.R. 50(E) is mandatory and requires that the court give more than a conclusory statement as the basis for granting a motion for directed verdict. Appellant cites the case of *Fertman v. Goodyear Tire & Rubber Co.* (Feb. 6, 1986), Cuyahoga App. No. 50061, unreported, 1986 WL 1727, and argues that a trial court's failure to give its reasons for granting a motion for directed verdict in its written entry is reversible error.

In response, appellee first notes that in the judgment entry dated October 28, 1994, the trial court stated:

"After construing the evidence most strongly in favor of the Plaintiff, the Court finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted, and that conclusion was adverse to the Plaintiff."

Appellee argues that Civ.R. 50(E) requires nothing more by explanation in this case since the basis for the trial court's decision was "self-evident." Appellee also notes that the trial court had previously heard oral arguments of counsel both for and in opposition to the motion for directed verdict and that the court found that on whatever theory of liability, appellant had failed to establish a *prima facie* case. Appellee further notes that the trial court had before it memoranda for and in opposition to the motion for directed verdict filed by the parties, and that given the circumstances of this case, the trial court complied with the requirements of Civ.R. 50(E).

In the second part of appellant's first assignment of error, appellant argues that because of counsel's belated receipt of notice of the trial court's entry, it was too late for her to challenge that entry before the trial court by requesting a new trial under Civ.R. 59. Appellant argues that the failure of the court to timely serve its entry is also reversible error requiring at a minimum a reversal of the trial court's decision and a remand to allow appellant to exercise her right to seek a new trial under Civ.R. 59.

With respect to this argument, appellee acknowledges that the clerk of courts failed to timely serve copies of the October 28, 1994 entry on counsel of record. Appellee thus does not object to a remand if this court feels that appellant has been improperly deprived of her right to file a motion for a new trial. Because of the way in which we dispose of appellant's first argument, this argument is now moot.

Civ.R. 50(A)(4) provides:

"When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

Civ.R. 50(E) further requires:

"When in a jury trial a court directs a verdict * * * the court shall state the basis for its decision in writing prior to or simultaneous with the entry of judgment. Such statement may be dictated into the record or included in the entry of judgment."

Additional clarification of the purposes served by Civ.R. 50(E) is found in the Staff Notes to the rule, which state:

"Rule 50(E) requires the court to set forth in writing the court's grounds, *i.e.*, 'the basis for its decision,' for granting a directed verdict or a judgment notwithstanding the verdict. The purpose of the rule is obvious: the granting of either motion substitutes for the function of the jury; the reasons for granting the motion should, as a matter of record, be set forth clearly."

■ In the case before us, the trial court's statement in the journal entry of October 28, 1994, is simply a recitation of the standard applicable to directed verdicts as laid out in Civ.R. 50(A)(4). A review of the transcript indicates only that the trial court believed that appellant had not made out "the essence of the case." This statement adds nothing to the journal entry but instead simply paraphrases the applicable standard for the granting of a directed verdict. Neither statement provides any indication as to the reasons for granting the directed verdict. Merely repeating the applicable standard for a directed verdict cannot realistically be considered a reason for granting one. Because we assume that a trial court applies the correct standard whenever it considers a motion for directed verdict, to hold that restating the standard is enough to constitute a trial court's reason would be to render Civ.R. 50(E) superfluous. In this case, we do not believe the trial court complied with Civ.R. 50(E).

■ Failure by the trial court to set forth the grounds for its decision pursuant to Civ.R. 50(E) is error. See *Wackenthaler v. Sayre* (Aug. 23, 1989), Hamilton App. No. C–880396, unreported, 1989 WL 97451, and *Fertman v. Goodyear Tire & Rubber Co.* (Feb. 6, 1986), Cuyahoga App. No. 50061, unreported. Appellee argues, however, that the trial court's reasons for granting the directed verdict were self-evident because appellant failed to establish a *prima facie* case under any of her theories of liability. In addition, appellant appears to suggest that the arguments and memoranda submitted both for and in opposition to the directed verdict should be construed as reasons sufficient to satisfy Civ.R. 50(E). We are not persuaded by this argument, nor do we believe that this was the intent of the Ohio Supreme Court in promulgating Civ.R. 50(E). If we were to accept appellee's theory that in the absence of a basis for granting the directed verdict a reviewing court should assume that appellant's case failed in all respects, then there would presumably be no purpose behind Civ.R. 50(E).

Civ.R. 50(E) requires the trial court to narrow its focus to the particular area of deficiency alleged by the movant. By doing so, a trial court puts an unsuccessful nonmovant on notice as to where the case has failed. This permits the nonmovant a realistic and practical basis upon which to decide whether to seek review of the decision. The rule also enables a reviewing court to refrain from expending inordinate resources in reviewing an entire record to see whether every element of every claim has been established in the absence of a prior

suggestion by the trial court that they have not been. While appellee apparently believes that such a comprehensive review on our part dispels any prejudice to appellant, citing *Schiff v. Sherwins, Inc.* (Aug. 25, 1983), Cuyahoga App. No. 46268, unreported, 1983 WL 4644, for this proposition, we believe that the very fact that appellant must bring an appeal so comprehensive in scope without being able to focus on a particular deficiency is prejudicial.

We believe this case is a good example of the harm sought to be avoided by Civ.R. 50(E). Appellant presented sixteen witnesses and some forty-seven exhibits over a period of four days. A jury visit to the scene of the shooting was also conducted. At the close of this extensive evidentiary showing, the trial court removed the case from the jury's consideration without offering any stated reason for doing so. While the fact that significant resources are expended should not prevent an otherwise proper directed verdict, we believe and are convinced that Civ.R. 50(E) anticipates that at the very least the trial court should articulate its reason for doing so. To hold otherwise would be to judicially eradicate the force and purpose of Civ.R. 50(E).

Because the trial court did not comply with Civ.R. 50(E) to the prejudice of appellant, appellant's first assignment of error is well taken.

The judgment of the trial court is hereby reversed, and the cause is remanded for further proceedings to permit the trial court to comply with Civ.R. 50(E).

*Judgment reversed*
*and cause remanded.*

Cox and VUKOVICH, JJ., concur.