JOURNAL ENTRY and OPINION
In this consolidated appeal, both cross-appellant Mary Ann Orenski and appellant Zaremba Management Co., Inc. and Zaremba Group (Zaremba) challenge the trial court's award of $40,000 to Orenski notwithstanding the jury's verdict (JNOV) of no damages in her premises liability suit. Orenski argues the trial court's award of $40,000 paled in comparison to the injuries she sustained.
Zaremba assigns the following two errors for our review:
 I. THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR JNOV WITHOUT STATING THE BASIS FOR ITS DECISION.
 II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR JNOV WHEN THE RECORD CONTAINS EVIDENCE SUPPORTING THE JURY'S VERDICT.
Orenski assigns the following three errors for our review:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING JUDGMENT NOTWITHSTANDING THE VERDICT TO PLAINTIFF-APPELLEE FOR ONLY $40,000.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING PLAINTIFF'S-APPELLEE'S MOTION FOR A NEW TRIAL BECAUSE THERE WERE IRREGULARITIES IN THE PROCEEDINGS THAT DENIED PLAINTIFF A FAIR TRIAL.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING PLAINTIFF'S-APPELLEE'S MOTION FOR A NEW TRIAL BECAUSE THE DEFENSE VERDICT WAS NOT SUSTAINED BY THE WEIGHT OF THE EVIDENCE.
Having reviewed the record and the arguments of the parties, we reverse and remand. The apposite facts follow.
Mary Orenski filed a lawsuit against Zaremba after she sustained an injury when a ten foot aluminum ladder blew over and hit her as she exited the front door of her brother's apartment building. Orenski testified she saw the ladder near the entrance doors when she first entered the building. She added when she exited the building she walked away from the ladder at a distance of approximately fifteen feet before she was struck. Orenski testified she sustained a cut leg and a severe bruise. She later developed a blood clot in the leg that had to be removed via surgery. She testified she suffered severe pain due to the injury and, as of the time of trial, she continued to have pain and swelling in the leg upon exertion.
Orenski testified she suffered from mild arthritis in her hands and her cervical spine and was diagnosed with Paget's disease in 1990. However, she testified she had suffered no pain from that condition. She also testified about an automobile accident in 1989 in which she suffered fractures of her tibia, right arm, radius, and ulna.
Orenski also presented videotaped deposition testimony from orthopedic surgeon Dr. Kenneth Chapman who testified he examined Orenski at Lakewood Hospital. While her initial x-rays showed no fractures, Orenski testified a bone scan revealed fractures of the proximal fibula, distal fibula, and tarsal bones of the foot. Dr. Chapman testified he did not know Orenski to have Paget's disease and the condition does not normally affect the skeleton of the trunk and head. He added the injuries Orenski suffered in the 1989 car accident were not related to the injuries she sustained when hit by the ladder. He added Orenski suffered permanent discoloration and scarring as a result of her injuries and would likely always have pain with over-exertion and change of weather.
The defense presented the testimony of Zaremba's building superintendent John Johns. Johns denied it was excessively windy on the day of the accident, describing the weather as "breezy." He testified, while working on the ladder, he was not concerned that he might be blown off the ladder by the wind. He noticed no gusts of wind. He stated he left the ladder to go inside the building for a light bulb and was gone only about three minutes.
On cross-examination, Johns acknowledged the possibility that aluminum ladders could tip over in windy conditions. He also testified he was aware that the ladder contained a warning label urging caution when using the ladder during windy conditions.
The defense also presented the testimony of orthopedic surgeon Dr. Malcolm Brahms who testified he saw Orenski on February 15, 1999. He added Orenski exhibited normal motion in her knee joint. He noted she had a scar on the outside of her right knee and residual discoloration of the right lower extremity. He also testified his review of Orenski's x-rays showed no evidence of any fractures. He also said the x-rays showed significant demineralization in the lower extremity and evidenced deformities resulting from Paget's disease. He opined these conditions preceded the accident with the ladder. He opined Orenski suffered no permanent injury other than the discoloration and the residual swelling.
The jury ruled in favor of Zaremba. Orenski filed a motion for a new trial or, alternatively, for judgment notwithstanding the verdict. The trial court denied the motion for a new trial and granted the motion for judgment notwithstanding the verdict. The court entered judgment in favor of Orenski in the amount of $40,000. Zaremba appealed the trial court's decision to grant the motion for judgment notwithstanding the verdict. (App. No. 77368) Orenski appealed the amount of the judgment. (App. No. 77369) The appeals were consolidated for hearing and disposition before this panel.
Because Zaremba's first and second assignments of error and Orenski's first assignment of error relate to the motion for judgment notwithstanding the verdict, they will be discussed together.
Civ.R. 50(B) provides:
 Whether or not a motion to direct a verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
Civ.R. 50(E) provides:
 When in a jury trial the court directs a verdict or grants judgment without or contrary to the verdict of the jury, the court shall state the basis for its decision in writing prior to or simultaneous with the entry of judgment. Such statement may be dictated into the record or included in the entry of judgment. (Emphasis added.)
Zaremba argues the trial court failed to comply with Civ.R. 50(E) because it did not state its reasons for entering judgment notwithstanding the verdict. In Pusey v. Greif Bros. Corp.[1] (1997),124 Ohio App.3d 725, 729, 707 N.E.2d 551, 553, the court held that a trial court's failure to set forth the grounds for its decision is prejudicial error, and the matter shall be remanded to the trial court for it to comply with Civ.R. 50(E). This court agreed with Pusey in our decision Fertman v. Goodyear Tire Rubber Company. (Feb. 6, 1986), Cuyahoga App. No. 50061, unreported. We held the following:
 Rule 50(E) requires the trial court to narrow its focus to the particular area of deficiency alleged by the movant. By doing so, an unsuccessful non-movant is put on notice as to where the case has failed. This permits the non-movant a realistic and practical basis upon which to decide whether or not to seek review of the decision. The rule also enables a reviewing court to refrain from expending inordinate resources in reviewing an entire record to see if every element of every claim has been established in the absence of a prior suggestion by the trial court that they have not been.
Pusey, 124 Ohio App.3d at 729-730, 707 N.E.2d at 553-554.
Because we resolve this matter on Zaremba's first assigned error, and return this matter to the trial court for it to comply with Civ.R. 50(E), the remaining errors are hereby moot.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellees her costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., and JAMES M. PORTER, J., CONCUR.
[1] Though Pusey involved a directed verdict, its reasoning is applicable here because the test for evaluating a motion for a directed verdict is the same as that for a motion for judgment notwithstanding the verdict. See Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 679, 693 N.E.2d 271, 273.