This case is before the court on appeal from a decision of the common pleas court to enter judgment in favor of plaintiff Patricia Marjak for $5,000, notwithstanding the verdict in favor of the defendant, Christopher Bennett. The defendant argues:
 I. THE TRIAL COURT ERRED IN GRANTING MARJAK'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
 II. THE TRIAL COURT ERRED IN FAILING TO GIVE A STATEMENT OF BASIS OF DECISION AS REQUIRED BY CIVIL RULE 50(E).
We agree the trial court erred by failing to state the basis for its decision to grant judgment n.o.v. for the plaintiff. Accordingly, we vacate and remand for further proceedings in accordance with Civil Rule 50(E).
 FACTS AND PROCEEDINGS BELOW
In a complaint filed December 30, 1996, plaintiffs John and Patricia Marjak, husband and wife, alleged that they were injured when their motor vehicle was struck by a motor vehicle negligently operated by the defendant. Plaintiffs also alleged they lost one another's services, society and companionship. The parties settled and dismissed John Marjak's claim for physical injury; Patricia Marjak's claim for physical injury and John Marjak's claim for loss of consortium remained pending.
Plaintiffs filed an amended complaint with leave of court, which incorporated a claim against Allstate Insurance Company for uninsured or underinsured motorist's coverage. This claim was later dismissed without prejudice.
At trial, defendant conceded that his negligence caused a collision between the two vehicles. Trial proceeded on the question of whether the collision proximately caused Patricia Marjak's alleged injuries and the amount of her damages. The only witnesses plaintiffs presented to the jury were the plaintiffs themselves. The defense presented the testimony of the defendant and South Euclid Police Officer Edmund Leoson, who responded to the accident scene, as well as the videotaped testimony of Dr. Robert Corn.
The evidence showed that on January 4, 1995, the defendant's vehicle struck plaintiffs' vehicle from behind while the plaintiffs' vehicle was stopped at a traffic light. Each vehicle was only slightly damaged; both were driven from the scene. None of the parties sought medical attention that day.
Three weeks later, Patricia Marjak visited her doctor because her neck was bothering her. She suffered from rheumatoid arthritis that had affected her feet, ankles, knees and hips. She had not previously reported any problems with her neck. Her doctor recommended that she wear a cervical collar but did not prescribe any other treatment.
Patricia Marjak testified that her neck is painful. Both she and her husband testified that she is unable to perform certain activities such as brushing her hair, dressing herself, laundry, and caring for her grandchildren.
Defendant's expert, Dr. Robert Corn, testified that, in his opinion, Patricia Marjak probably sustained a muscular stretch injury or a minor ligament stretch or pulling injury in the accident. He opined that this sort of soft tissue injury was not permanent, though it could take months or years to heal. He also opined that plaintiff had a very severe pre-existing rheumatoid arthritis condition in her cervical spine and that her complaints were related to that condition rather than the soft tissue injury sustained in the accident.
Following the trial, the jury returned a verdict for the defendant, and the court entered judgment in accordance with the verdict. Plaintiffs then moved for judgment notwithstanding the verdict, arguing that defendant had admitted liability and admitted plaintiff was injured, so that Patricia Marjak was entitled to an award of damages for her pain and suffering. The trial court granted her motion and entered judgment in her favor for $5000.00.
 LAW AND ANALYSIS
Appellant's second assignment of error is dispositive, so we will address it first. Appellant argues that the trial court erred by failing to state the basis for its decision as required by Civ.R. 50(E). Civ.R. 50(E) provides that the court shall state the basis for its decision [to grant judgment notwithstanding the verdict] in writing prior to or simultaneous with the entry of judgment. The rule requires the court to give the non-movant notice as to how his or her case has failed, providing him or her with a realistic and practical basis upon which to decide whether to seek review of the decision. Pusey v. Greif Bros. Corp. (1997), 124 Ohio App.3d 725, 729. In addition, [t]he rule also enables a reviewing court to refrain from expending inordinate resources in reviewing an entire record to see whether every element of every claim has been established * * *. Id.
Failure by the trial court to set forth the grounds for its decision pursuant to Civ.R. 50(E) is error. Pusey, 124 Ohio App.3d at 729. Because appellant has been prejudiced by this error, we will vacate and remand for further proceedings.
Appellant's second assignment of error is well-taken; therefore, his first assignment of error is premature. But cf. Cataland v. Cahill (1984), 13 Ohio App.3d 113.
For these reasons, we vacate the trial court's judgment and remand for further proceedings to permit the trial court to comply with Civ.R. 50(E).
This cause is vacated and remanded for further proceedings not inconsistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. CONCURS ANN DYKE, A.J. CONCURS IN JUDGMENT ONLY