DECISION.
Plaintiff-appellant/cross-appellee Shawna L. Lewis ("Lewis") was operating a towmotor at her place of employment when she suffered a severe injury that required amputation of a portion of her left foot. The towmotor was manufactured by Clark Equipment Company ("Clark"). The towmotor maintenance was performed by Portman Handling Division of Portman Equipment Company ("Portman") under a contract with Lewis's employer. The trial court entered a directed verdict in favor of Clark. A jury returned a verdict in favor of Portman.
On appeal, as against Clark, Lewis makes two claims: (1) that it was error for the trial court to direct a verdict against her without specifying its findings and the basis of its decision as required by Civ.R. 50(E); and (2) that she had presented substantial evidence to support all elements of her defect-in-design and inadequate-warning claims. As against Portman, Lewis makes three claims: (1) that it was error for the trial court to deny her motion for a new trial, because Portman was negligent and the jury verdict was not supported by the manifest weight of the evidence; (2) the "jury instructions with respect to Appellee Portman's claim improperly stated assumption of the risk as a separate claim or a distinct affirmative defense"; and (3) plain errors were contained in the general verdict form and the interrogatories.
Defendant-appellee/cross-appellant Portman, as the prevailing party at trial, claims that the trial court erred in overruling its motion asking that exhibit fees and daily transcript fees be taxed as costs.
Lewis's complaint alleged that her injuries resulted from design defects in the braking system, the lack of a rearview mirror, and the size of the operator's compartment of Clark's towmotor, and that Portman failed to properly maintain the towmotor brakes and failed to maintain warning signs on the towmotor in a legible condition. Lewis's husband claimed that, as a result of the collective negligence of Clark and Portman, he suffered a loss of consortium.
Lewis's first assignment of error is dispositive of her appeal against Clark, so we address it first. Lewis argues that the trial court erred by failing to state the basis for its directed-verdict decision as required by Civ.R. 50(E). When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to that party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.[1] Civ.R. 50(E) provides that when in a jury trial the court directs a verdict or grants judgment without or contrary to the verdict of the jury, the court shall state the basis for its decision in writing prior to or simultaneous with the entry of judgment, and that such statement may be dictated into the record or included in the entry of judgment. In Pusey v. Greif Bros. Corp., the appellate court stated,
 Civ.R. 50(E) requires the trial court to narrow its focus to the particular area of deficiency alleged by the movant. By doing so, a trial court puts an unsuccessful nonmovant on notice as to where the case has failed. This permits the nonmovant a realistic and practical basis upon which to decide whether to seek review of the decision. The rule also enables a reviewing court to refrain from expending inordinate resources in reviewing an entire record to see whether every element of every claim has been established in the absence of a prior suggestion by the trial court that they have not been. * * * [W]e believe and are convinced that Civ.R. 50(E) anticipates that at the very least the trial court should articulate its reason for doing so. To hold otherwise would be to judicially eradicate the force and purpose of Civ.R. 50(E).[2]
 The appellate court held that the trial court's failure to set forth the grounds for its decision was prejudicial error and remanded the cause for further proceedings to permit the trial court to comply with Civ.R. 50(E).[3] The Eighth District Court of Appeals agreed with the reasoning in Pusey when it remanded a case to the trial court for its failure to comply with Civ.R. 50(E) after judgment notwithstanding the verdict was entered.[4] As we are in agreement with the reasoning of these courts, in the case sub judice, we return this matter to the trial court for it to comply with Civ.R. 50(E). Accordingly, Lewis's first assignment of error is sustained. This holding moots Lewis's second assignment of error with respect to Clark.
With regard to Portman, Lewis's first assignment of error claims that the trial court erred when it failed to grant her motion for a new trial, because the verdict was against the weight of the evidence. Under Civ.R. 59(A)(6), a new trial may be granted if the judgment is not sustained by the weight of the evidence. When reviewing the trial court's decision on whether to grant a new trial on this basis, we may reverse only if we conclude that the trial court abused its discretion.[5] Trial courts have broad discretion in determining whether to order a new trial.[6] But if a jury verdict is supported by substantial competent, credible evidence, the trial court abuses its discretion in granting a new trial.[7] The trial court must weigh the evidence and credibility of the witnesses to determine whether manifest injustice occurred.[8]
In this case, the jury returned a verdict in favor of Portman and answered "no" to the first interrogatory that had asked whether it had been proved by a preponderance of the evidence that Portman was negligent and that such negligence was a proximate cause of the accident and the resulting injury to Lewis. Witnesses' testimony differed as to the timing and adequacy of planned maintenance performed on the towmotor brakes, but there had been no reported brake failure on the towmotor operated by Lewis prior or subsequent to the time when she was injured. The twenty-year Portman employee responsible for maintenance on the towmotor testified that, during the preceding five or six years, planned towmotor maintenance was scheduled for every sixty days, or sooner, if complaints were received about the towmotor, but that he knew of no complaints about the towmotor operated by Lewis. On the day of her injury, the towmotor was inspected and a decision was made by Lewis's supervisor to put it back in service shortly after the accident without repair and without injuries to subsequent operators. Although it was not pristine, a legible warning label affixed to the towmotor warned that hands and feet were to be kept inside the operator compartment during operation.
Lewis testified that she had routinely operated the towmotor with her foot outside of the compartment, and that she had never looked at warning labels or an operator's manual. Having reviewed the extensive record, we hold that there was substantial competent, credible evidence to support the jury's conclusion that Portman was not negligent. We conclude, therefore, that the trial court did not abuse its discretion when it denied Lewis's motion for a new trial. Accordingly, Lewis's first assignment of error is overruled.
In Lewis's second assignment of error, she claims that the jury instructions were in error concerning assumption of the risk. In Ohio, the doctrine of implied assumption of the risk has been merged with contributory negligence, and both defenses are subject to the principles of comparative negligence set forth in R.C. 2315.19.[9] Certainly if a jury is presented with evidence concerning the possible negligence of the plaintiff and then returns a general verdict in favor of the defendant on the basis that the defendant was not negligent, the failure to instruct the jury on comparative negligence will always constitute prejudicial error when the evidence is such that both parties can be found negligent.[10] But, in the case sub judice, the jury was required to be, and was properly, instructed on the doctrine of comparative negligence, and Lewis's assumption of risk could be considered by the jury in weighing the comparative negligence of the parties.[11]
Moreover, the instructions and interrogatories on assumption of the risk given to the jury comported with the Ohio Jury Instructions and did not present assumption of the risk as a complete bar to recovery by Lewis. Accordingly, Lewis's second assignment of error is overruled.
In Lewis's third assignment of error, she claims that "plain errors were contained in the general verdict form and the interrogatories." She correctly notes that the jurors returned only a general verdict without completion of all the interrogatories. The record shows that the jury completed a verdict form in Portman's favor and the first interrogatory, answered in the negative, finding that it had not been proved by a preponderance of the evidence that Portman was negligent and that such negligence was a proximate cause of the accident and the resulting injury to Lewis. Lewis claims that all interrogatories should have been completed by the jury. The trial court noted on the record, prior to release of the jury, that there were blank interrogatories returned by the jury. Lewis raised no objection at that time, and the trial court then dismissed the jury. Having failed to act at a time when the remedies provided for incomplete interrogatories could have been addressed, Lewis has waived any error on appeal.[12]
Defendant-appellee/cross-appellant Portman, in its cross-appeal, claims that, as the prevailing party at trial, it was entitled to have exhibit fees and daily transcript fees taxed as costs. The Ohio Supreme Court has stated in Williamson v. Ameritech Corp. that Civ.R. 54(D) provides the general rule allowing costs to the prevailing party in a civil case unless the court otherwise directs.[13] But the categories of litigation expenses qualifying as costs are limited.[14] Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action, and that the statutes authorize to be taxed and included in the judgment.[15]
The subject of costs is one entirely of statutory allowance and control.[16] We have already held that a trial court cannot, in its discretion, tax an expense as a cost, even where it finds the expense to have been vital and necessary to the litigation, unless it can point to a statute that provides for the payment of that particular fee or expense to an officer, witness, juror, or similar individual.[17] As Portman did not specify the statutes supporting its contention that the expenses here were permitted to be taxed as costs, the trial court did not abuse its discretion in overruling its motion. Accordingly, defendant-appellee/cross-appellant Portman's assignment of error is overruled.
In sum, with regard to Lewis's two assignments of error with respect to Clark, we reverse the trial court's judgment on the claims against Clark and remand this cause for the trial court to articulate the basis on which it granted the directed verdict in favor of Clark. In all other respects, the trial court's judgment is affirmed.
Judgment affirmed in part and reversed in part, and causeremanded. Gorman, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 679, 693 N.E.2d 271, 273; Civ.R. 50(A)(4).
[2] Pusey v. Greif Bros. Corp. (1997), 124 Ohio App.3d 725, 729-730,707 N.E.2d 551, 553-554, subsequent appeal Ethel L. Pusey, Inc. v. Bator
(Aug. 25, 2000), Mahoning App. No. 98 C.A. 55, unreported (Pusey appeals from the grant of a directed verdict), discretionary appeal allowed (2001), 91 Ohio St.3d 1411, 740 N.E.2d 1111.
[3] See id. at 730, 707 N.E.2d at 554.
[4] See Orenski v. Zaremba Mgt. Co. (Dec. 7, 2000), Cuyahoga App. Nos. 77368 and 77369, unreported; Marjak v. Bennett (Dec. 14, 2000), Cuyahoga App. No. 77288, unreported.
[5] See Malone v. Courtyard by Marriott Ltd. Partnership (1996),74 Ohio St.3d 440, 448, 659 N.E.2d 1242, 1248-1249 (citations omitted).
[6] See Iames v. Murphy (1995), 106 Ohio App.3d 627, 631,666 N.E.2d 1147, 1149, citing Osler v. Lorain (1986), 28 Ohio St.3d 345,504 N.E.2d 19.
[7] See Pelletier v. Rumpke Container Serv. (2001), 142 Ohio App.3d 54,63, 753 N.E.2d 958, 965, quoting Hancock v. Norfolk W. Ry. Co. (1987),39 Ohio App.3d 77, 81, 529 N.E.2d 937, 942.
[8] See id.
[9] See Gallagher v. Cleveland Browns Football Co. (1996),74 Ohio St.3d 427, 431, 659 N.E.2d 1232, 1236, fn. 2.
[10] See McCrystal v. Trumbull Memorial Hosp. (1996), 115 Ohio App.3d 73,82-83, 684 N.E.2d 721, 727-728, discretionary appeal denied (1997),77 Ohio St.3d 1548, 674 N.E.2d 1186.
[11] See State Farm Fire Cas. Co. v. Scandinavian Health Spa,Inc. (1995) 104 Ohio App.3d 582, 586, 662 N.E.2d 890, 893.
[12] See Maynard v. Owens-Illinois, Inc. (Dec. 8, 1993), Hamilton App. No. C-920382, unreported, appeal dismissed (1994), 69 Ohio St.3d 1422,631 N.E.2d 162; Civ.R. 49.
[13] See Williamson v. Ameritech Corp. (1998), 81 Ohio St.3d 342,343, 691 N.E.2d 288, 289.
[14] See id.
[15] See id. (citations omitted).
[16] See id.; see, also, Wells v. Hoppel (Jan. 30, 2001), Columbiana App. No. 99-C0-59, unreported (Williamson must be read broadly to require statutory authority for an expense before it may be taxed as costs).
[17] See Parker v. IF Insulation Co., Inc. (Mar. 27, 1998), Hamilton App. No. C-960602, unreported (the Ohio Supreme Court decided Williamsonv. Ameritech Corp. on April 1, 1998).