JOURNAL ENTRY AND OPINION
{¶ 1} From her Complaint for Declaratory Judgment and Other Relief, plaintiff appeals the trial court's decision granting defendant's motion for directed verdict on her claim of underinsured motorist coverage. For the reasons that follow, we dismiss the appeal for lack of a final, appealable order.
 {¶ 2} In December 1998, plaintiff was involved in a motor vehicle accident with tortfeasor Chris Romanin. At the time, plaintiff was insured by defendant and had an automobile policy carrying $300,000 of underinsured motorist coverage. After settling with the tortfeasor for his insurance policy limits, plaintiff presented a claim, which was denied, for underinsured motorist coverage from defendant.
 {¶ 3} Plaintiff filed her complaint[1] against defendant for (1) breach of contract, Count I, (2) fraud, Count II, (3) breach of fiduciary duty, Count III, (4) bad faith, Count IV, and (5) a declaratory judgment to establish whether she was entitled to underinsured motorist coverage under the terms of her insurance policy, Count V. Defendant answered the complaint and denied all plaintiff's allegations relative to the coverage issue.
 {¶ 4} On May 12, 2003, the trial court granted defendant's motion to bifurcate the proceedings. Accordingly, plaintiff's tort claims, Counts II and III, along with all her claims for compensatory damages were stayed. The court further ordered that discovery in the case was "to proceed in the issue of coverage" alone. Just before trial, the trial court further bifurcated and stayed plaintiff's claims for bad faith in Count IV and punitive damages in Counts II, III, and IV.
 {¶ 5} The case proceeded to a jury trial on plaintiff's claims for breach of contract (Count I) and declaratory judgment (Count V). For both claims, the sole issue at trial was whether plaintiff was entitled to underinsured motorist coverage under her policy. Defendant claimed that plaintiff was not entitled to coverage because she failed to abide by the express terms of her insurance policy. According to defendant, plaintiff destroyed defendant's subrogation rights when she failed to provide proper notice that she settled with and released the tortfeasor and did not first obtain defendant's consent to do so.[2]
 {¶ 6} Following plaintiff's case-in-chief, defendant moved for a directed verdict, which the trial court granted. The court denied plaintiff's request for a written opinion explaining the court's order. Plaintiff appeals the judgment of the trial court and presents four assignments of error. Because plaintiff's third assignment of error — that the trial court erred when it failed to state the basis for granting the motion for directed verdict — is dispositive to the appeal, it is the sole issue we address.
Failure to Declare Rights of Parties
 {¶ 7} "As a general rule, a trial court does not fulfill its function in a declaratory judgment action when it fails to construe the documents at issue. Hence the entry of judgment in favor of one party or the other, without further explanation, is jurisdictionally insufficient; it does not qualify as a final order." Highlands Bus. Park, LLC v. Grubb Ellis Co., Cuyahoga App. No. 85225, 2005-Ohio-3139, ¶¶ 23-24, citing Hall v.Strzelecki, Cuyahoga App. No. 80097, 2002-Ohio-2258, ¶ 7. "The failure to expressly declare the rights of the parties constitutes error because no final order is created." Assn. ofCleveland Firefighters, # 93 v. Campbell, Cuyahoga App. No. 84148, 2005-Ohio-1841, ¶ 7.
 {¶ 8} The complaint in the case at bar was, in part, for declaratory judgment. Before trial began on plaintiff's request for declaratory judgment on the coverage issue, the trial court bifurcated and stayed her tort claims for fraud and breach of fiduciary duty, along with her claims for compensatory and punitive damages. Thus, when the case proceeded to trial, it was for the sole purpose of determining the insurance coverage issue.
 {¶ 9} In granting defendant's motion for directed verdict, the trial court provided the following judgment entry:
AFTER REVIEWING CURRENT OHIO LAW WITH RESPECT TO NOTICE AND PREJUDICE REGARDING SUBROGATION RIGHTS IN UNDERINSURED MOTORIST CLAIMS[,] MOTION OF NATIONWIDE MUTUAL INSURANCE COMPANY FOR DIRECTED VERDICT HAVING BEEN TIMELY AND PROPERLY MADE, AND THE COURT HAVING CONSTRUED THE EVIDENCE MOST STRONGLY IN FAVOR OF ANNE B. THOMAS, FINDING THAT UPON ANY DETERMINATIVE ISSUE REASONABLE MINDS COULD COME TO BUT ONE CONCLUSION AND CONCLUSION IS ADVERSE TO ANNE B. THOMAS, THE MOTION IS GRANTED.
Journal Entry dated June 1, 2005.
 {¶ 10} The trial court's journal entry, however, fails to declare the rights of the parties and to correlate the reason plaintiff was not entitled to underinsured motorist coverage to the actual terms of her policy. Indeed, the trial court's judgment fails to provide any construction, as the request for declaratory judgment asked, of the actual terms of plaintiff's policy. Absent such an explanation, this case does not present a final appealable order over which this court has jurisdiction.
Civ.R. 50
 {¶ 11} Additionally, as plaintiff correctly argues, this case lacks a final appealable order under Civ.R. 50. Sullins v. Univ.Hosps., Cuyahoga App. No. 80444, 2003-Ohio-398, ¶ 61, citingPusey v. Grief Bros. Corp. (1997), 124 Ohio App.3d 725, 729.
 {¶ 12} Civ.R. 50 provides, in part:
(E) Statement of basis of decision.
When in a jury trial a court directs a verdict or grants judgment without or contrary to the verdict of the jury, the court shall state the basis for its decision in writing prior to or simultaneous with the entry of judgment. Such statement may be dictated into the record or included in the entry of judgment.
"The purpose of the rule is obvious: the granting of either motion substitutes for the function of the jury; the reasons for granting the motion should, as a matter of record, be set forth clearly." Pusey, at 729.
 {¶ 13} This court has held that Civ.R. 50(E) "requires the trial court to narrow its focus to the particular area of deficiency alleged by the movant. By doing so, an unsuccessful nonmovant is put on notice as to where the case has failed."Sullins, ¶ 61.
 {¶ 14} In the case at bar, the trial court's journal entry granting defendant's motion for directed verdict is too vague to satisfy Civ.R. 50. The trial court did no more than identify the issue: "notice and prejudice regarding subrogation rights." Without a complete recitation of why the trial court granted the directed verdict, there is no final appealable order.[3]
 {¶ 15} For all the foregoing reasons, the appeal is dismissed.[4] Judgment accordingly.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Christine T. McMonagle, J.,concur.
[1] Filed on December 23, 2002.
[2] Before trial, both parties filed motions for summary judgment on the coverage question. Both motions were denied by the trial court because "[w]hether plaintiff can rebut the presumption of prejudice that was created when the subrogation issues of the defendant were destroyed is a material issue of fact to be determined by the finder of fact."
[3] Because we dismiss this appeal for lack of a final appealable order, we do not address plaintiff's remaining assignments of error, which are as follows:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT WHERE THERE WAS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND APPELLANT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION FOR A DIRECTED VERDICT WHERE, AFTER CONSTRUING THE EVIDENCE MOST STRONGLY IN APPELLANT'S FAVOR, REASONABLE MINDS COULD CONCLUDE THAT: APPELLANT DID NOT MATERIALLY BREACH THE INSURANCE CONTRACT; EVEN IF THERE HAD BEEN A MATERIAL BREACH, APPELLEE WAIVED ANY SUCH BREACH; AND THAT APPELLEE EITHER SUFFERED NO PREJUDICE OR WAS RESPONSIBLE FOR ANY ACT OR OMISSION THAT RESULTED IN ANY PREJUDICE THAT IT MAY HAVE SUSTAINED.
IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN BIFURCATING THE TRIAL OF THIS MATTER, CURTAILING APPELLANT'S DISCOVERY AND LIMITING APPELLANT'S EVIDENTIARY PRESENTATION."
[4] We note that the trial court bifurcated and stayed plaintiff's tort and bad faith claims, as well as her claims for compensatory and punitive damages. If any of these claims survives the resolution of the coverage question, then the court's judgment would likewise not qualify as a final appealable order under Civ.R. 54(B). However, because the status of plaintiff's remaining claims was not litigated below and was not raised by either party on appeal, we decline to address it here.